**UNITED STATES of America, Appellee,**

v.

**William Cool KAERCHER,
Defendant, Appellant.**

**No. 83–1310.**

United States Court of Appeals,
First Circuit.

Argued Oct. 7, 1983.

Decided Oct. 31, 1983.

John R. Hesmer, Atlanta, Ga., with whom Garland, Nuckolls & Catts, P.C., Atlanta, Ga., was on brief, for appellant.

* Of the District of Montana, sitting by designa-

E.M. de Jesus, Asst. U.S. Atty., Hato Rey, P.R., with whom Daniel Lopez Romo, U.S. Atty., Hato Rey, P.R., was on brief, for appellee.

Before BOWNES and BREYER, Circuit Judges, and SMITH,* Senior District Judge.

PER CURIAM.

Appellant was convicted of violating a federal statute that makes it "unlawful for a citizen of the United States on board any vessel ... to possess with intent to ... distribute ... a controlled substance." 21 U.S.C. § 955a(b). His sole claim on this appeal is that the statute is contrary to international law and his conviction invalid because the United States lacks jurisdiction to prosecute one of its citizens for a drug offense committed outside the territory of the United States—on a foreign vessel on the high seas. There was no evidence that the drugs were to be distributed within the United States or that the crime would have any other effect within the country.

The short and conclusive answer to appellant's claim lies in authoritative statements of international law and in authoritative opinions of the Supreme Court that run directly contrary to his argument. The *Restatement of Foreign Relations Law* says that

> [a] state has jurisdiction to prescribe a rule of law ... attaching legal consequences to conduct of a national of the state wherever the conduct occurs....

*Restatement (Second) of Foreign Relations Law of the United States* § 30 (1965). In *Skiriotes v. Florida,* 313 U.S. 69, 61 S.Ct. 924, 85 L.Ed. 1193 (1941), the Supreme Court wrote that

> [t]he United States is not debarred by any rule of international law from governing the conduct of its own citizens upon the high seas or even in foreign countries when the rights of other nations or their nationals are not infringed.

tion.

*Id.* at 73, 61 S.Ct. at 927; *accord Blackmer v. United States,* 284 U.S. 421, 436–37, 52 S.Ct. 252, 254–55, 76 L.Ed. 375 (1932); *United States v. Bowman,* 260 U.S. 94, 43 S.Ct. 39, 67 L.Ed. 149 (1922); *The Hamilton,* 207 U.S. 398, 403, 28 S.Ct. 133, 134, 52 L.Ed. 264 (1907); *The Apollon,* 22 U.S. (9 Wheat.) 362, 370, 6 L.Ed. 111 (1824); *Rose v. Himely,* 8 U.S. (4 Cranch) 241, 279, 2 L.Ed. 608 (1808); *United States v. Smith,* 680 F.2d 255, 257 (1st Cir.1982), *cert. denied,* —— U.S. ——, 103 S.Ct. 738, 74 L.Ed.2d 960 (1983); *see also* I. Brownlie, *Principles of Public International Law* 303 (3rd ed. 1979); 1 L. Oppenheim, *International Law* § 145 (H. Lauterpacht 8th ed. 10th impression 1974). In the absence of significant authority to the contrary, appellant's argument—that the facts of these cases suggest alternative bases of jurisdiction—does not warrant departing from the principle that the Supreme Court has so clearly articulated.

The judgment of the district court is *Affirmed.*